SOBHI Sobhi, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 03–74181.

Agency No. A72–542–316.

United States Court of Appeals, Ninth Circuit.

Argued & Submitted Sept. 14, 2005.

Decided Oct. 17, 2005.

Beth S. Persky, Law Office of Judith L. Wood, Los Angeles, CA, for Petitioner.

Judith L. Wood, Esq., Law Office of Judith Wood, Los Angeles, CA; Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA; Ronald E. Lefevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA; John C. Cunningham, Esq., Saul E. Greenstein, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before FARRIS, THOMPSON, and BYBEE, Circuit Judges.

## MEMORANDUM *

Sobhi Sobhi, a native and citizen of Yemen, petitions for review of the Board of Immigration Appeals' (BIA) decision denying his motion to reopen his application for asylum, his request for withholding of deportation, and his request for relief under the Convention Against Torture (CAT). We have jurisdiction pursuant to former 8 U.S.C. § 1105a, and the transitional rules found in section 309(c)(4) of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), *as amended by* Pub.L. No. 104–302, 110 Stat. 3656 (Oct. 11, 1996). We review for abuse of discretion, *Malty v. Ashcroft,* 381 F.3d 942, 945 (9th Cir.2004), and deny the petition for review.

## A. Asylum & Withholding

■ Sobhi contends that the BIA abused its discretion by dismissing his motion to reopen as untimely. He concedes that he filed his motion years past the ordinary filing deadline for motions to reopen asylum and withholding cases, but maintains that he qualified for the "changed circumstances" exception to the normal rule of timeliness. *See* 8 C.F.R. § 1003.2(c)(3)(ii) (stating that no time-bar exists for a motion to reopen asylum or withholding cases "based on changed circumstances arising in the country of nationality ... if such evidence is material and was not available and could not have been discovered or presented at the previous hearing"). To qualify for the exception, Sobhi must show that circumstances in Yemen have changed to an extent that would now enable him to demonstrate *prima facie* eligibility for asylum or withholding. *See Malty,* 381 F.3d at 945. For the reasons discussed below, the BIA acted within its discretion by concluding that Sobhi failed to demonstrate *prima facie* eligibility for asylum or withholding, and was therefore also within its discretion by concluding that his motion to reopen was untimely.

■ To demonstrate *prima facie* asylum eligibility, Sobhi's evidence would have

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

to reveal a reasonable likelihood that the statutory requirements for asylum have been satisfied. *See Ordonez v. INS,* 345 F.3d 777, 785 (9th Cir.2003). Asylum eligibility requires a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *Deloso v. Ashcroft,* 393 F.3d 858, 863 (9th Cir.2005). Sobhi contends that his Western beliefs and appearance place him at risk of persecution if returned to Yemen. His evidence vaguely and qualitatively describes an increase in hostility towards westerners within Yemen, and includes opinions of several individuals that Sobhi will likely face persecution if returned. Given the vague and speculative nature of this evidence, we are convinced that it does not demonstrate a reasonable likelihood that Sobhi has a well-founded fear of persecution. Therefore, without having to reach the question of whether being a westernized Yemeni constitutes political opinion or membership in a particular social group, we find that the BIA acted well within its discretion by concluding that Sobhi failed to demonstrate a *prima facie* asylum case.

An applicant who cannot show the lower standard of proof for asylum necessarily cannot satisfy the higher standard of proof necessary for withholding of removal. *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Consequently, because the BIA did not abuse its discretion by finding no *prima facie* asylum eligibility, neither did it abuse its discretion by finding no *prima facie* withholding eligibility.

These findings alone would preclude the granting of Sobhi's motion to reopen. *See Ordonez,* 345 F.3d at 785 ("[A] motion to reopen will not be granted unless the respondent establishes a prima facie case of

eligibility for the underlying relief sought."). Moreover, as the "changed conditions" exception to the normal rule of timely filing rises or falls with those *prima facie* showings, the BIA did not abuse its discretion by finding that Sobhi's motion to reopen was time-barred.

**B. CAT Protection**

For aliens whose order of deportation became final before March 22, 1999, motions to reopen for the purpose of seeking CAT protection "shall not be granted" unless the motion to reopen was filed by June 21, 1999. 8 C.F.R. 208.18(b)(2)(I). Sobhi's order of deportation became final on June 17, 1998. He did not file his motion to reopen seeking CAT protection until January of 2002. As this is clearly after the June 21, 1999 cutoff, the BIA correctly ruled that Sobhi's claims of CAT protection are time-barred.

PETITION FOR REVIEW DENIED.